

**Ronald J. Tomassi**
720.617.7114
rtomassi@leoncosgrove.com

February 19, 2025

**VIA CM/ECF**

David J. Smith, Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Re:  *Shane Villarino, et al. v. Pacesetter Personnel Services, Inc., et al.*
     **No. 23-10645**

Dear Mr. Smith:

      Pursuant to Federal Rule of Appellate Procedure 28(j), Appellees respectfully submit this response to Appellants' February 6, 2025, letter apprising the panel of the Third Circuit's decision in *Secretary United States Department of Labor v. Nursing Home Care Management Inc.*, No. 23-2284, 2025 WL 351599 (3d Cir. Jan. 31, 2025). Appellants' supplemental authority is not relevant to this appeal because the compensability issue in *Nursing Home Care Management* was not covered by the Portal-to-Portal Act ("PPA").

      The PPA exempts from compensation the time employees spend "traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform." 29 U.S.C. § 254(a)(1). Here, daily ticket workers' ("DTWs") workdays start and end at the job site, which is the only place where DTWs perform their principal labor activities. Under the PPA, travel to and from the job site at the beginning and end of the workday—including any time spent at, or traveling to or from, Appellees' labor hall—is not compensable.

      In contrast, *Nursing Home Care Management* considered solely the compensability of time spent by home health aides traveling between work assignments during the workday. As the Third Circuit explained, "[t]he time at issue arose within the [employees'] workdays," and "[t]he time that elapses *between* the day's start and end is not implicated by the text of the PPA." 2025 WL 351599, at *2 (emphasis in original). The *Nursing Home Care Management* court thus held only that travel between job sites during the workday may be compensable. Appellees have consistently endorsed this holding. *See, e.g.*, Aple. Br. at 29. Critically, the Third Circuit did not hold that home health aides should be compensated for time spent commuting to and from their first and last job sites. Such a holding—which Appellants seek here—would, of course, violate the PPA.

February 19, 2025
Page 2

     In summary, the PPA excludes the commuting time at issue in this case from DTWs' compensable workday, but *Nursing Home Care Management* was not decided under the PPA. The Third Circuit's decision has no application here.

                                    Sincerely,

                                    */s/ Ronald J. Tomassi, Jr.*
                                    Ronald J. Tomassi, Jr.
                                    Counsel for Appellees

cc: Counsel of Record (via CM/ECF)